## LEWIS SOLOMAN *vs.* AMERICAN MERCANTILE EXCHANGE.

### Penobscot.    Opinion January 2, 1900.

*Libel. Evidence.*

In an action of libel, wherein the alleged libel consisted of a printed advertisement of judgments for sale, posted by the defendant in a public place, it is not competent for a witness called by the plaintiff to give his opinion, in reply to a question by plaintiff's counsel calling for it, as to the purpose of the defendant in posting the advertisement.

ON MOTION AND EXCEPTIONS BY DEFENDANT.

This was an action on the case for libel. The alleged libel consisted in the publication of a statement in the form of a poster advertising for sale certain judgments against various individuals therein named, among others the plaintiff.

The defendant contended that the language complained of was not libelous; that it was true; that the judgment against the plaintiff was in force at the time of the alleged publication; that the defendant had no knowledge of any payment upon said judgment at the time of the publication; and that said judgment was advertised for sale by authority of the owner, and was in good faith for sale. The fact of the publication was not controverted.

The jury rendered a verdict of $491.63 in favor of the plaintiff. The defendant had exceptions to the admission of certain testimony; to the certain portions of the charge to the jury; and also to the refusal of the presiding justice to give certain requested instructions to the jury.

A full report of the exceptions becomes unnecessary, as the law court granted a new trial for a single cause.

*H. J. Chapman, G. H. Worster and L. C. Stearns,* for plaintiff.

*J. R. Mason and H. W. Oakes,* for defendant.

SITTING: PETERS, C. J., EMERY, WISWELL, SAVAGE, FOGLER, JJ.

WISWELL, J. Action of libel. The defendant, against whom a verdict was rendered, alleges various exceptions. It will be necessary to consider only one of these, because we are forced to the conclusion that the ruling therein complained of was erroneous.

The alleged libel consisted of a printed advertisement, published by the defendant, of judgments for sale, as follows:—

"Established 1894.                                        Incorporated.
            AMERICAN MERCANTILE EXCHANGE.
16 Broad street,                                  Bangor, Maine.
                    Accounts for Sale.

" The following judgments on accounts are for sale at our office. A liberal reduction made off face value. Full information cheerfully given. Correspondence solicited. Apply or write to above address." Then follows a list of the judgments advertised, included in which is the following item relative to the plaintiff: "Soloman, Lewis, pedler, 23 Boyd St., Bangor, judgment on account dry goods merchants, $32.27." The judgment against the plaintiff had been satisfied prior to the publication of the alleged libel.

Two witnesses, called by the plaintiff, were each asked this question: "What is it (the alleged libel) posted for?" One answered: "It is posted for to spoil the character of men that do not pay their bills." The answer of the other was: "To notify creditors for to be careful for those people."

In the opinion of the court this question was improper and should have been excluded. It called for the opinion of witnesses upon a subject matter as to which opinions are not competent. It was not within any of the many exceptions to the general rule, that a witness must confine himself to a statement of facts and can not give his opinion upon questions involved.

There has been considerable conflict of authorities as to whether an exception to this general rule should or should not be made to the extent of allowing witnesses in actions of libel and slander to

give their opinion as to whom the libelous or slanderous language was intended to apply to, and although quite a number of cases have held that this kind of evidence is admissible, our court in *White* v. *Sayward*, 33 Maine, 322, following the authority of *Van Vechten* v. *Hopkins*, 5 Johns. 211, and, *Gibson* v. *Williams*, 4 Wend. 320, decided that even this was not permissible.

There has also been considerable difference of opinion as to whether or not a witness should be allowed to give his understanding of what the defendant meant by the language used, either written or spoken. But, we think, that the better rule is, that where the whole language is capable of being fully stated to the jury, and where the speaker's or writer's meaning is conveyed in direct terms and not by incomplete expressions, nor by signs, gestures, pictures or the like, it is not competent for a witness to give his opinion or understanding of the meaning intended by the one who used the language. Under such circumstances the words speak for themselves. This was so decided in *Snell* v. *Snow*, 13 Met. 278. In *Leonard* v. *Allen*, 11 Cush. 241, although evidence of this character was decided to be competent, it was for the reason that the slanderous charge was made in part by gestures and signs, and the court called attention to the distinction between that case and the case of *Snell* v. *Snow*, supra. In *Stacy* v. *Portland Publishing Company*, 68 Maine, 279, this court held that a witness may not, ordinarily, be allowed to state what he understood the speaker to mean by the words spoken by him.

While this is not the exact question presented by the exceptions, we think that there is less reason why a witness should be allowed to state his opinion of the purpose of such a publication, than that he should be permitted to give his opinion or understanding of the meaning of the language used, and that there is more danger in the former than in the latter testimony. We cannot, of course, tell to what extent this testimony may have affected the judgment of the jurors upon a question for their determination. It is sufficient that it may have been harmful and may have had an improper effect.

*Exceptions sustained.*